IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CHURCH MUTUAL INSURANCE COMPANY as subrogee of Boyds Grove United Methodist Church,<br><br>Plaintiff,<br><br>v.<br><br>GREE USA, INC., and MJC AMERICA, LTD.,<br><br>Defendants. | CASE NO.: 22-cv-4045 |

**COMPLAINT AND JURY DEMAND**

COMES NOW Plaintiff, Church Mutual Insurance Company as subrogee of Boyds Grove United Methodist Church, by and through its attorneys, Cozen O'Connor, and for its Complaint against Defendants Gree USA, Inc. and MJC America, Ltd. states as follows:

**PARTIES**

1. Plaintiff Church Mutual Insurance Company ("Plaintiff" or "Church Mutual"), is a corporation organized under the laws of the State of Wisconsin with its principal place of business located at 3000 Schuster Lane, Merrill, WI 54452, and at all times material hereto was authorized to conduct business and issue insurance policies in the State of Illinois.

2. At all times relevant, Plaintiff's insured, Boyds Grove United Methodist Church ("Boyds Grove"), was domiciled in the State of Illinois with a principal address of 1976 S. Wyanet Walnut Rd, Bradford, IL 61421 ("the Premises").

3. At all times relevant Defendant Gree USA, Inc. ("Gree") was a California corporation with a principal place of business at 4195 Chino Hills Parkway #1026, Chino Hills,

1

California 91709.  At all times relevant hereto, Gree was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying home appliances, including dehumidifiers in and throughout the United States, including Illinois.

4. At all times relevant, Defendant, MJC America, Ltd. ("MJC") was a California corporation with a principal place of business located at 20035 East Walnut Drive North, City of Industry, California 91789. At all times relevant hereto, MJC was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying dehumidifiers in and throughout the United States, including Illinois.

## JURISDICTION AND VENUE

5. Jurisdiction is proper based upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the events giving rise to Plaintiff's claims occurred in this judicial district.

## GENERAL ALLEGATIONS

7. At all times material hereto, Plaintiff Church Mutual provided property insurance to Boyds Grove for their interests in the Premises, including real property and business personal property.

8. On or before July 10, 2019, Boyds owned a Soleus Air by Gree dehumidifier designed, manufactured, marketed, distributed, and/or placed in the stream of commerce by Defendants ("the Dehumidifier").

9. At all times relevant, the Dehumidifier was in substantially the same condition as when introduced into the stream of commerce by Defendants.

10. On July 10, 2019, the Dehumidifier failed, causing a fire ("the Fire") at the Premises.

11. The Fire resulted in smoke, flame and water damage to the real and personal property of Boyds Grove as well as loss of use of Boyds Grove's property.

12. As a result of the Fire, Boyds Grove made a claim to pursuant to their insurance policy, and Church Mutual has compensated Boyds Grove for their damages in an amount in excess of $340,000.00.

13. By virtue of its payments, Church Mutual is subrogated, , to the interests of Boyds Grove.

## COUNT I
### (Product Liability vs Defendants)

14. Plaintiff incorporates paragraphs 1-13 by reference as if set forth herein.

15. The Defendants designed, manufactured, marketed, distributed, sold, and/or placed into the stream of commerce the Dehumidifier.

16. The Dehumidifier was defective and unreasonably dangerous at the time it left Defendants' control.

17. The Dehumidifier was expected to and did reach the consumer, Boyds Grove, without substantial change and remained in substantially the same condition and without any material alterations from the time it was placed in the stream of commerce until the date of the Fire.

18. The Dehumidifier was used for its intended purpose and/or for a purpose that was reasonably foreseeable by Defendants.

19. The Dehumidifier was defective in design and/or manufacture in that it could overheat, smoke and catch fire, posing fire and burn hazards to consumers and their property.

20. The Dehumidifier was defective in design and/or manufacture in that it deviated in a material way from its manufacturing performance standards and/or deviated in a material way from otherwise identical units manufactured to the same design.

21. The Dehumidifier was defective in design and/or manufacture in that when it left Defendants' custody and control, the foreseeable risks and dangers exceeded the benefits associated with its design and manufacture and/or its design and manufacture was more dangerous than an ordinary consumer would expect when used in its intended and reasonably foreseeable manner.

22. The Dehumidifier was defective due to inadequate warning or instruction.

23. Defendants knew or should have known of the defects in the Dehumidifier, and failed to address the defects or otherwise warn consumers.

24. As a direct and proximate cause of the defective and unreasonably dangerous condition of the Dehumidifier, the fire occurred, causing extensive damage to the real and personal property of Boyds Grove.

WHEREFORE, Church Mutual Insurance Company as subrogee of Boyds Grove United Methodist Church requests that this Court enter judgment against Defendants Gree USA, Inc. and MJC America, Ltd. for the damages allegedand for all other costs allowed by law.

### COUNT II
**(Negligence vs Defendants)**

25. Plaintiff incorporates paragraphs 1-13 by reference as if set forth at length herein.

26. At all relevant times, Defendants owed Boyds Grove a duty to use reasonable care in the design, manufacture, assembly, and sale of its dehumidifier, so that the Dehumidifier was safe and free of unreasonably dangerous conditions.

4

27. The Fire and resulting damage was the result of a malfunction in the Dehumidifier in the course of its ordinary use.

28. The malfunction of the Dehumidifier was due to a defective condition in the Dehumidifier in that it could overheat, smoke and catch fire, posing fire and burn hazards to consumers and their property.

29. The Dehumidifier contained the defect when it left Defendants' possession and control.

30. Defendants had a duty to warn persons who might reasonably use their dehumidifiers of dangerous defects in its products.

31. It was foreseeable to Defendants that if Defendants' designed, manufactured, distributed, and sold a defective dehumidifier and/or if Defendants failed to warn of such defect, purchasers of such defective products could incur personal injury or property damage.

32. Boyds Grove used the subject Dehumidifier for its intended and/or reasonably foreseeable purpose.

33. Defendants breached their duties by designing, manufacturing, marketing, distributing, and selling the Dehumidifier with the dangerous defect and/or by failing to warn of the defect and/or by failing to adopt a safer, practical, feasible, or otherwise reasonable alternative design that could have been reasonably adopted that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the Dehumidifier.

34. As a direct and proximate result of Defendants' negligence, carelessness, and recklessness, the Fire started in the basement of the Premises and caused substantial damage to Boyds Grove's real and personal property and resulted in their loss and use of the property.

WHEREFORE, Church Mutual Insurance Company as subrogee of Boyds Grove United Methodist Church requests that this Court enter judgment against Defendants Gree USA, Inc. and MJC America, Ltd. for the damages alleged and for all other costs allowed by law.

## JURY DEMAND

Plaintiff demands that this Court empanel a jury to hear all triable issues in this case.

Dated this 11 day of March 2022.    By:    */s/ Marisa L. Saber*
Marisa L. Saber
COZEN O'CONNOR
123 W. Wacker Drive
Suite 1800
Chicago, Illinois 60606
Phone: (312) 382-3100
Fax: (312) 706-9783
Email: msaber@cozen.com

***Attorneys for Plaintiff***